UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VALERIE LEMASTER,<br><br>      Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL LLC<br>*f/k/a Green Tree Servicing, LLC,*<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION; and<br>CONSUMER FINANCIAL<br>PROTECTION BUREAU,<br><br>      Defendants. | CIVIL NO. 17-5101 (JRT/DTS)<br><br><u>ORDER</u><br>  and<br><u>REPORT AND RECOMMENDATION</u> |

---

Valerie LeMaster, 5850 Asher Avenue, Inver Grove Heights, MN 55077, *Pro Se* Plaintiff

Katherine E. Devlaminck, Esq. and Jada Lewis, Esq., Stinson Leonard Street LLP, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Defendants Ditech Financial LLC f/k/a Green Tree Servicing LLC and Federal National Mortgage Association

Bernard John Barrett, Jr., Esq., Consumer Financial Protection Bureau, 1700 G Street NW, Washington, D.C. 20552, for Defendant Consumer Financial Protection Bureau

---

**INTRODUCTION**

Valerie LeMaster ("LeMaster") brought this lawsuit to enforce the terms of a Consent Order[1] between the Consumer Financial Protection Bureau ("CFPB"), the Federal Trade Commission ("FTC"), and Green Tree Servicing, LLC which is now

---

[1] The parties' submissions use differing terms for the document the Court will refer to as the Consent Order, which is the term LeMaster uses in her Complaint. The formal title is Stipulated Order for Permanent Injunction and Monetary Judgment, and it was entered on April 23, 2015 in U.S. District Court for the District of Minnesota in Case No. 15-cv-2064 entitled *FTC and CFPB v. Green Tree Servicing LLC.* A copy of the Consent Order is attached to LeMaster's Complaint as Exhibit A. *See* Docket No. 1-1.

known as Ditech Financial LLC ("Ditech")[2] that resolved claims involving various consumer financial protection laws.  LeMaster also alleged state law claims against CFPB, Ditech and the Federal National Mortgage Association ("Fannie Mae") relating to the foreclosure of and eviction from her home.  CFPB moved to dismiss her claims for lack of jurisdiction [Docket No. 20], and Ditech and Fannie Mae moved for judgment on the pleadings [Docket No. 31].  For the reasons stated below, the Court dismisses LeMaster's claims under the Consent Order because she lacks standing to enforce that agreement, and dismisses without prejudice her state law claims that are before the Court on supplemental jurisdiction.  The Court also denies LeMaster's motion to strike [Docket No. 50] and denies as moot her motion for preliminary injunction to enjoin eviction [Docket No. 62].

## FINDINGS OF FACT

A foreclosure sale of LeMaster's home took place in January 2014.  Complaint ¶ 26, Docket No. 1. Ditech (then known as Green Tree Servicing LLC) bought the property and later transferred it to Fannie Mae.[3]  Id. ¶¶ 26, 41-47.

In July 2014 LeMaster sued Ditech in Dakota County District Court challenging the foreclosure sale.  Id. ¶¶ 27-28.  LeMaster continued to live in the home under an agreement between Ditech and LeMaster in which LeMaster agreed to make monthly payments and Ditech (and its successors and assigns – here, Fannie Mae) agreed not to initiate an eviction proceeding pending final resolution of the lawsuit.  Id. ¶ 30 and Ex.

---

[2]  After entry of the Consent Order, Green Tree merged into and became known as Ditech. See CFPB Reply Br. 2 n.2, Docket No. 56.  The Court will refer to this entity as Ditech.

[3]  Ditech conveyed the certificate of sale to Fannie Mae.  See Fed. Nat'l Mortg. Ass'n v. LeMaster, No. A16-1962, 2017 WL 2920288, at *1 (Minn. Ct. App. July 10, 2017). Fannie Mae filed the deed on October 24, 2016.  Complaint ¶ 45, Docket No. 1.  Fannie Mae thus was the successor to Ditech as the owner of the foreclosed property.  Id. ¶ 2.

B (Aug. 22, 2014 Joint Stipulation and Order), Docket Nos. 1, 1-2.  The district court granted summary judgment to Ditech, which was affirmed by the Minnesota Court of Appeals.  *Id.* ¶ 32; *LeMaster v. Green Tree Servicing, LLC*, No. A15-0552, 2015 WL 9437640, at *6 (Minn. Ct. App. Dec. 28, 2015), *review denied* (Minn. Mar. 15, 2016) ("*LeMaster 1*").

In October 2016 Fannie Mae filed an eviction proceeding. Complaint ¶ 46, Docket No. 1.  The district court upheld the eviction, the Minnesota Court of Appeals affirmed the decision, and the Minnesota and U.S. Supreme Courts denied further review.  *Fed. Nat'l Mortg. Ass'n v. LeMaster*, No. A16-1962, 2017 WL 2920288, at *1 (Minn. Ct. App. July 10, 2017), *review denied* (Minn. Sept. 27, 2017), *cert. denied*, 2018 WL 2465184, at *1 (U.S. June 4, 2018) ("*LeMaster 2*").

Meanwhile, in April 2015, while LeMaster's action challenging the foreclosure was still pending, CFPB, FTC and Ditech signed a Consent Order in which Ditech agreed, among other things, to pay $48 million to CFPB to create a consumer redress fund.  *See* Consent Order, Docket No. 1-1.  The Consent Order was not related to LeMaster's lawsuit, and she is not a party to the Consent Order.  *See id.*

In January 2017 LeMaster brought a motion in Dakota County District Court to vacate the judgment in the *LeMaster 1* foreclosure lawsuit, citing the Consent Order. *See* Affidavit of Katherine Devlaminck Ex. A, Docket No. 34-1 at 1-14 (LeMaster Mem. of Law in Support of Motion to Vacate).  The district court denied her motion to vacate, and the Minnesota Court of Appeals dismissed her appeal on the ground that the order denying her motion to vacate the final judgment was not appealable.  *Id.* Ex. B, Docket No 34-1 at 15-17 (Order, Minn. Ct. App. June 13, 2017).   The Minnesota Supreme

Court denied review. *LeMaster v. Green Tree Servicing, LLC,* No. A17-0580 (Minn. Aug. 22, 2017).

LeMaster filed this lawsuit in November 2017 against Ditech, Fannie Mae, and CFPB. Docket No. 1. She alleges that she is "a third-party beneficiary under the terms of the Consent Order" and therefore is entitled to relief under that agreement. Complaint ¶ 11, Docket No. 1. LeMaster contends that CFPB breached the Consent Order and, specifically, its obligations to her as an "Affected Consumer." *See id.* ¶¶ 104-13. She asserts that Ditech breached the Consent Order and engaged in fraud and negligent misrepresentation. *Id* ¶¶ 1, 49-65. She claims that Fannie Mae breached an implied covenant of good faith and fair dealing because it set an unconscionable re-purchase price for her home. *Id.* ¶¶ 2, 66-88. LeMaster also brings a negligence claim against Ditech and Fannie Mae together, as a 'joint enterprise," alleging that the transfer of the property from Ditech to Fannie Mae, their failure to timely communicate this transfer, and the 33-month delay in recording the property deed was a breach of their "duty to plaintiff, the county, the court, and all others." *Id.* ¶¶ 3, 89-103.

LeMaster asks the Court to order Defendants to comply with the terms of the Consent Order; set aside the January 2014 foreclosure sale for violation of the terms of the Consent Order; compel Ditech and Fannie Mae to stipulate to the release of funds to her from the Dakota County District Court Trust; order Ditech to correct erroneous submissions to credit reporting agencies; and award her attorney's fees and costs. *Id.* at 20-21.

**CONCLUSIONS OF LAW**

**1.   CFPB's Motion to Dismiss for Lack of Jurisdiction**

CFPB seeks dismissal of LeMaster's complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Docket No. 20. CFPB contends that LeMaster lacks standing to enforce the terms of the Consent Order because she is not a third-party beneficiary of it. CRPB Br. 1, 5-6, 8-13, Docket No. 21. CFPB also asserts that – even if the Court were to liberally construe LeMaster's *pro se* complaint as alleging causes of action under the Administrative Procedure Act ("APA"), the Federal Tort Claims Act ("FTCA"), or the All Writs Act – those claims would be barred by sovereign immunity. *Id.* at 1, 6, 13-26.

In deciding a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, a court may consider the entire record and is not limited to the pleadings. *Osborn v. United States*, 918 F.2d 724, 728-29 (8th Cir. 1990). When a jurisdictional question exists, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The plaintiff's allegations are not entitled to a presumption of truthfulness, and the existence of disputed material facts does not preclude a court from deciding the jurisdictional issue. *Id.* The burden of proof that jurisdiction exists remains with the plaintiff. *Id.*

CFPB contends that LeMaster lacks standing to enforce the terms of the Consent Order and therefore the Court has no subject matter jurisdiction over any claim against CFPB in this lawsuit. A federal court's jurisdiction is limited to cases and controversies, which requires a plaintiff to have standing. *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 895 (8th Cir. 2015). When standing is called into question, a court must determine

as a threshold matter that the plaintiff has standing and thus the court has jurisdiction to consider the merits of the claims.  *See id.* at 895.  A plaintiff bears the burden to show she satisfies the standing requirement.  *Medalie v. Bayer Corp.*, 510 F.3d 828, 830 (8th Cir. 2007).

To establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).  To demonstrate an "injury in fact," a plaintiff must show that she suffered "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  *Id.* at 1548 (internal quotation marks omitted).

A third party generally has no standing to enforce a consent agreement.  *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 958 (8th Cir. 2002).  The Eighth Circuit has stated:

> In order for a third party to be able to enforce a consent decree, the third party must, at a minimum, show that the parties to the consent decree not only intended to confer a benefit upon that third party, but also intended to give that third party a legally binding and enforceable right to that benefit.  This standard applies whether or not the government is a party to the consent decree.

*Id.* (internal citations omitted).  "When construing a consent decree, courts are guided by principles of contract interpretation and, where possible, will discern the parties' intent from the unambiguous terms of the written consent decree, read as a whole."  *Id.*

LeMaster has no legally protected interest under the Consent Order.  She has not identified any language in the Consent Order that expresses an intent to make her a

6

third-party beneficiary who has the right to enforce the terms of that agreement. LeMaster quotes the following language from the Consent Order section I(C):

> All money paid to the Bureau pursuant to this Section shall be deposited into a fund or funds administered by the Bureau or its agent in accordance with applicable statutes and regulations to be used for consumer redress, including but not limited to refund of moneys, restitution, or other monetary relief, and for any attendant expenses for the administration of such redress.

LeMaster Br. 21, Docket No. 42. However, nothing in this provision, or any other language she cites in her Complaint or brief, expresses any intent to confer enforceable rights on third parties. Because LeMaster has no "legally protected interest" in the Consent Order, she cannot demonstrate the required "injury in fact" and therefore has no standing to enforce or seek relief under the Consent Order.

The judge who entered the Consent Order in Case No. 15-cv-2046 recently reached the same conclusion when a different third party also sought to enforce its terms. *See* Order adopting Report and Recommendation, *FTC and CFPB v. Green Tree Servicing LLC,* No. 15-cv-2064, Docket No. 23 (D. Minn. Jan. 8, 2018). The third party alleged a violation of the Consent Order with respect to the handling of his mortgage and foreclosure, and he asked the court to stay the sale of his property and enjoin further action against his property. *Id.*, R&R at 2. The court denied the third party's motion, finding that he had no standing under the Consent Order and therefore the court lacked jurisdiction to address the merits of his motion. *Id.,* R&R at 4-5, 7. The court's "analysis of the Consent Order shows that third parties were not given an enforceable right under the Consent Order." *Id.*, R&R at 5.

Here, LeMaster lacks standing to enforce the Consent Order, and the Court has no jurisdiction to consider her claims against CFPB. Because the Court disposes of this

7

motion on the basis of standing, it does not address CFPB's arguments based on sovereign immunity. The Court does not construe LeMaster's Complaint as stating causes of action under the APA, FTCA, or the All Writs Act. Rather, LeMaster's invocation of those statutes is essentially a re-labeling and reformulation of her claims for relief under the Consent Order, as are her references to the Dodd-Frank Act, Minnesota common law, and express and constructive trusts. Indeed, in her opposition brief, LeMaster acknowledges that "[a]ll of [her] claims involving the CFPB flow out of the obligations created by the Consent Order." LeMaster Br. 30, Docket No. 42. Accordingly, the Court grants CFPB's motion to dismiss for lack of jurisdiction.

**2.   Ditech and Fannie Mae's Motion for Judgment on the Pleadings**

Ditech and Fannie Mae brought a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Docket No. 31. They also requested an injunction prohibiting LeMaster from filing additional pleadings or lawsuits regarding the foreclosure and eviction without first obtaining leave of court. *Id.*

With respect to LeMaster's claims alleging breach of the Consent Order, she lacks standing to bring them for the reasons discussed above regarding CFPB's motion to dismiss for lack of jurisdiction. Accordingly, the Court grants Ditech and Fannie Mae's motion as it relates to those claims.

LeMaster's remaining claims – for fraud, negligent misrepresentation, breach of an implied covenant of good faith and fair dealing, and negligence – are before the Court based on supplemental jurisdiction. *See* Complaint ¶¶ 5-7, Docket No. 1. Having dismissed her federal claims for lack of jurisdiction, the Court also dismisses her state law claims without prejudice so they "may be considered, if at all, by the courts of Minnesota." *See Hervey v. County of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008).

Finally, in light of the Court's disposition of LeMaster's claims, the Court denies Ditech and Fannie Mae's request for a "filing" injunction against LeMaster as moot in this case, and does not at this time enter a future prohibition as LeMaster has not in this matter so abused this Court's procedures as to warrant the significant sanction Ditech and Fannie Mae have requested. LeMaster has moved to strike Defendants' request for an injunction and portions of their motion and memorandum pertaining to their reasons for requesting injunctive relief. The Court addresses LeMaster's motion below.

**3.    LeMaster's Motion for Preliminary Injunction to Enjoin Eviction**

LeMaster brought a motion to enjoin Fannie Mae from proceeding with an eviction. Docket No. 62. In light of the Court's disposition of Defendants' motions, which are addressed above, the Court denies as moot LeMaster's motion for an injunction.

**4.    LeMaster's Motion to Strike Ditech and Fannie Mae's Request for Injunction**

LeMaster brought a motion under Federal Rule of Civil Procedure 12(f) to strike Ditech and Fannie Mae's request for an injunction prohibiting LeMaster from filing additional lawsuits to re-litigate the same foreclosure issues without first obtaining leave of court. Motion to Strike, Docket No. 50. LeMaster contends that a "filing" injunction would violate her First Amendment right to petition the government for a redress of grievances. LeMaster Br. 2, Docket No. 54. She also asserts that an injunction is inappropriate; that, because she is a licensed attorney, Defendants should instead have sought sanctions against her under Federal Rule of Civil Procedure 11 or brought an ethics complaint to the professional responsibility board; and that Defendants' request

9

for the injunction cast her in a derogatory light and could have professional consequences for her reputation.  *Id.* at 2, 4, 9-10, 13.

Ditech and Fannie Mae ask the Court to deny LeMaster's motion to strike because it is not a proper motion under Rule 12(f) given that their memorandum is not a "pleading."  Ditech & Fannie Mae Br. 1-2, Docket No. 57.  They further state that they pursued a "filing" injunction rather than Rule 11 sanctions because LeMaster was represented by counsel at various points in the state court litigation; she indicated her intent to hire counsel in this federal lawsuit should it proceed to discovery; she therefore is more appropriately characterized as a *pro se* litigant in this lawsuit; and in pursuing injunctive relief, they did not intend to cause professional harm to her.  Ditech & Fannie Mae Reply Br. 5-6, Docket No. 58.

The Court agrees that LeMaster's motion to strike is improperly brought under Rule 12(f), which applies only to motions to strike portions of "pleadings."  Ditech and Fannie Mae's Motion for Judgment on the Pleadings, and their memorandum in support of it [Docket Nos. 31-32], in which they requested injunctive relief are not pleadings.  *See* Fed. R. Civ. P. 7(a) (identifying "pleadings"); *see also VanDanacker v. Main Motor Sales Co.*, 109 F.Supp.2d 1045, 1047 (D. Minn. 2000) ("Rule 12(f) motion to strike is not the proper avenue for challenging plaintiffs' memorandum").[4]  Accordingly, the Court denies LeMaster's motion to strike and instead addresses Ditech and Fannie Mae's

---

[4] Le Master's motion to strike also includes one sentence asking the Court to "[e]njoin[] all Defendants from making any reference to the state court claims or results for the remainder of this lawsuit."  Motion 2, Docket No. 50. LeMaster does not address this request in her brief and, moreover, her request is not properly brought in this Rule 12(f) motion and is denied along with the rest of her motion to strike.  In addition, the Court notes that LeMaster's Complaint itself makes many references to the state court claims and results.

request for a "filing" injunction, and LeMaster's opposition to it, as part of the Court's discussion above regarding Defendants' motion for judgment on the pleadings.

## ORDER

For the reasons set forth above, IT IS ORDERED THAT Plaintiff's Motion to Strike [Docket No. 50] is DENIED.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Defendant Consumer Financial Protection Bureau's Motion to Dismiss [Docket No. 20] be GRANTED.

2. Defendants Ditech Financial LLC and Federal National Mortgage Association's Motion for Judgment on the Pleadings [Docket No. 31] be GRANTED IN PART as follows:

    a. LeMaster's claims under the Consent Order be dismissed for lack of subject matter jurisdiction because she does not have standing to enforce the Consent Order.

    b. LeMaster's state law claims for fraud, negligent misrepresentation, breach of an implied duty of good faith and fair dealing, and negligence, which are before the Court on supplemental jurisdiction, be dismissed without prejudice.

3. LeMaster's Motion for Preliminary Injunction to Enjoin Eviction [Docket No. 62] be DENIED AS MOOT.

Dated: June 29, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).