**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| VALERIE LEMASTER,<br><br>Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL LLC, *f/k/a Green Tree Servicing, LLC*, FEDERAL NATIONAL MORTGAGE ASSOCIATION, and CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Defendants. | Civil No. 17-5101 (JRT/DTS)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION** |

Valerie LeMaster, 5850 Asher Avenue, Inver Grove Heights, MN 55077, plaintiff *pro se*.

Jada Lewis, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, and Katherine E. Devlaminck, **STINSON LEONARD STREET LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for defendants Ditech Financial LLC and Federal National Mortgage Association.

Bernard J. Barrett, Jr., **CONSUMER FINANCIAL PROTECTION BUREAU**, 1700 G Street Northwest, Washington, DC 20552, for defendant Consumer Financial Protection Bureau.

Plaintiff Valerie LeMaster brought this action against Ditech Financial LLC ("Ditech"), the Federal National Mortgage Association ("Fannie Mae"), and the Consumer Financial Protection Bureau ("CFPB"). LeMaster alleges that the Defendants breached a 2015 Consent Order that resolved an action brought by the Federal Trade Commission and CFPB against Ditech for various alleged violations of federal consumer-protection laws.

Here, the CFPB moves to dismiss LeMaster's action for lack of standing, and Ditech and Fannie Mae move for judgment on the pleadings. United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R"), recommending that the motions be granted. LeMaster objects. Because the Court will conclude that it lacks subject-matter jurisdiction over all claims, the Court will grant the CFPB's motion and dismiss this action without prejudice.

**BACKGROUND**

Starting in 2014, Ditech and Fannie Mae were involved in foreclosure- and eviction-related litigation against LeMaster in Minnesota state court. Although LeMaster was permitted to remain in her home during those proceedings, Ditech and Fannie Mae have prevailed, and LeMaster has exhausted her appeals.

"Meanwhile, in April 2015, while LeMaster's action challenging the foreclosure was still pending, [the] CFPB, FTC and Ditech signed a Consent Order in which Ditech agreed, among other things, to pay $48 million to CFPB to create a consumer redress fund." (R&R at 3, June 29, 2018, Docket No. 67.) "The Consent Order was not related to LeMaster's lawsuit, and she is not a party to the Consent Order." (*Id.*)

In this action in federal court, LeMaster alleges "that she is 'a third-party beneficiary under the terms of the Consent Order' and therefore is entitled to relief under that agreement." (*Id.* at 4 (quoting Compl. ¶ 11, Nov. 14, 2017, Docket No. 1).) She asserts, among other things, that Ditech and the CFPB breached the Consent Order with respect to her, and that Fannie Mae is liable to her for setting an unconscionable repurchase price for

her home. (*Id.*) LeMaster asserts claims for relief pursuant to the Consent Order, for which the Court has original federal-question jurisdiction pursuant to 28 U.S.C. § 1331. (Compl. ¶ 6.) LeMaster asserts various state-law claims for which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (*Id.* ¶ 7.)

The CFPB moves to dismiss this action for lack of standing, arguing that LeMaster cannot enforce the Consent Order because she was neither a party to the Consent Order nor a person intended to have the ability or authority to enforce it. Ditech and Fannie Mae move for judgment on the pleadings, arguing that this action is barred under several theories. The Magistrate Judge recommended that LeMaster's federal-question claims be dismissed for lack of standing and that the Court decline to exercise supplemental jurisdiction over LeMaster's remaining state-law claims. (R&R at 11.) LeMaster objects. (Pl.'s Obj., July 12, 2018, Docket No. 70.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

## II.   FEDERAL CLAIMS

LeMaster admits that all of her claims against the CFPB arise out of the agency's obligations under the Consent Order.  (*See* R&R at 8.)  LeMaster asserts that the Court has subject-matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 because they involve a federal question.  The CFPB moves to dismiss LeMaster's claims against it, arguing that LeMaster lacks standing to enforce the Consent Order.  Whether the Consent Order provides for enforcement by third parties is a question of law.  *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 957 (8th Cir. 2002).

"A well-settled line of authority from [the Supreme] Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it."  *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975).  "[T]hird parties to government consent decrees cannot enforce those decrees absent an explicit stipulation by the government to that effect."  *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 158 (D.C. Cir. 1998).  Here, there is nothing in the Consent Order that amounts to a stipulation – explicit or otherwise – by the government permitting third-party enforcement of the Consent Order.  (*See* R&R at 6-8.)  Thus, LeMaster lacks standing and her claims to enforce the Consent Order must be dismissed.  *See Pure Country*, 312 F.3d at 958-59.[1]

---

[1] LeMaster argues that the Eighth Circuit's recent decision in *Liddell v. Special Admin. Bd. of Transitional Sch. Dist. of St. Louis*, 894 F.3d 959, at 966 (8th Cir. 2018), limits the force of *Pure Country* and thus permits her to enforce the Consent Order.  LeMaster misreads *Liddell*.  That case involved a government agency who was enforcing a settlement agreement, when a third party – claiming to be injured by the agency's enforcement – sought to intervene.  *Id.*  Here, LeMaster is
*(footnote continued on next page)*

## III. STATE-LAW CLAIMS

LeMaster asserts state-law claims against Ditech for fraud and negligent misrepresentation, against Fannie Mae for breach of an implied covenant of good faith and fair dealing, and against both for negligence. (Compl. ¶¶ 59-65, 70-103.)[2] Ditech and Fannie Mae move for judgment on the pleadings.

LeMaster admits that the only basis for subject-matter jurisdiction for her state-law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (*Id.* ¶ 7.) But § 1367 permits courts to exercise supplemental jurisdiction only for a civil action for "which the district courts have original jurisdiction." 28 U.S.C. § 1367(a); *see also id.* § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]f a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). LeMaster lacks standing for – and thus the Court lacks subject-matter jurisdiction for – her federal-question claims. Thus, the Court has no basis for supplemental jurisdiction over

---

in the opposite position and wants an inapposite result. She does not claim that the CFPB's enforcement of the Consent Order will harm her, but rather that its lack of enforcement as to her has harmed her. Moreover, she does not ask the Court to restrict or stop CFPB's enforcement of the Consent Order, but rather to enforce it for her benefit. *Liddell* does not apply here.

[2] To the extent that LeMaster asserts claims against Ditech or Fannie Mae to enforce the Consent Order, those claims too will be dismissed for lack of standing.

*(footnote continued on next page)*

LeMaster's remaining claims. *See Myers v. Richland Cty.*, 429 F.3d 740, 749 (8th Cir. 2005).[3] The Court will therefore dismiss those claims without prejudice.

## IV. LEMASTER'S OBJECTIONS

First, LeMaster argues that the R&R fails to apply the proper legal standard under Rule 12(b)(1) because the R&R does not resolve factual disputes related to the Court's subject-matter jurisdiction. LeMaster misunderstands the difference between factual disputes and legal disputes. As stated above, whether the Consent Order provides for enforcement by third parties is a question of law, not a question of fact. *Pure Country*, 312 F.3d at 957. The Court can answer this question by reading the Consent Order and the applicable case law. No discovery is needed.

LeMaster also misunderstands the difference between rights and remedies.

> In order for a third party to be able to enforce a consent decree, the third party must, at a minimum, show that the parties to the consent decree not only intended to confer a benefit upon that third party, but also intended to give that third party a legally binding and enforceable right to that benefit.

*Pure Country*, 312 F.3d at 958. LeMaster alleges that she is an "Affected Customer" under the Consent Order and thus "falls within the class intended to be benefited by the Consent Order." (Compl. ¶¶ 10-11.) But just because the Consent Order might confer a benefit on LeMaster does not mean that she has "a legally binding and enforceable right to that

---

[3] Even if the Court had supplemental jurisdiction over LeMaster's remaining claims, the Court would decline to exercise it. *See* 28 U.S.C. § 1367(c); *Mo. Roundtable for Life v. Carnahan*, 676 F.3d 665, 678 (8th Cir. 2012); *Hervey v. Cty. of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008).

benefit." *Pure Country*, 312 F.3d at 958. Nothing in the Consent Order suggests that the parties to it intended to give LeMaster the right to enforce the Consent Order for her benefit.

Next, LeMaster argues that the R&R's analysis of a third-party's ability to enforce the Consent Order "[e]viscerat[es]" Rule 71. (Obj. at 1.) Not so. Rule 71 simply provides that, "**[w]hen an order grants relief for a nonparty or may be enforced against a nonparty,** the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71 (emphasis added). Rule 71 says nothing about a third party's ability to enforce a court order in the first instance. Moreover, Rule 71 is in the same title of the Federal Rules of Civil Procedure as Rule 65, which allows for injunctions against nonparties in certain circumstances. Fed. R. Civ. P. 65(d)(2).

Finally, LeMaster argues that this action should not be dismissed because, under the Administrative Procedure Act ("APA"), she is entitled to seek judicial review of the CFPB's action (or inaction) with respect to the Consent Order. The Magistrate Judge did not construe LeMaster's complaint as stating a cause of action under the APA. (R&R at 8.) The Court agrees that LeMaster's complaint does not assert a cause of action under the APA.[4]

Because LeMaster lacks standing to assert her claims to enforce the Consent Order, and because the Court therefore lacks supplemental jurisdiction over LeMaster's state-law

---

[4] Moreover, any such APA 'claim' would like fail because LeMaster is seeking review of the CFPB's alleged "failure to act," i.e., its enforcement decisions with respect to the Consent Order. (Pl.'s Mem. Opp'n at 34, Feb. 28, 2018, Docket No. 42.) The CFPB's alleged failure to enforce the Consent Order as to LeMaster's individual case is unlikely to be reviewable under the APA. *See* 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 838 (1985).

claims, the Court will dismiss this entire action without prejudice for lack of subject-matter jurisdiction.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Objections to the Report & Recommendation of the Magistrate Judge [Docket No. 70] are **OVERRULED**, and the Report & Recommendation [Docket No. 67] is **ADOPTED**. **IT FURTHER ORDERED THAT**:

1. Defendant Consumer Financial Protection Bureau's Motion to Dismiss [Docket No. 20] is **GRANTED**.

2. Defendants Ditech Financial LLC and Federal National Mortgage Association's Motion for Judgment on the Pleadings [Docket No. 31] is **GRANTED in part** as follows:

    a. LeMaster's claims under the Consent Order are **DISMISSED without prejudice**.

    b. LeMaster's state-law claims for fraud, negligent misrepresentation, breach of an implied duty of good faith and fair dealing, and negligence are **DISMISSED without prejudice**.

3. LeMaster's Motion for Preliminary Injunction to Enjoin Eviction [Docket No. 62] is **DENIED as moot**.

4. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 3, 2018                    _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                                                  Chief Judge
                                                                 United States District Court